IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No. 22-10333 GLT |
| Michael A. Thompson ) | Chapter 13 |
| Amber Thompson ) | |
|     Debtor**s** ) | Docket No. |
| ) | |
| Michael A. Thompson ) | |
| Amber Thompson ) | |
|     Movants ) | |
| ) | |
|     vs. ) | |
| ) | |
| Foundation Finance Company ) | |
| and Ronda J. Winnecour, Trustee ) | |

### NOTICE OF PROPOSED MODIFICATION TO CONFIRMED CHAPTER 13 PLAN DATED AUGUST 4, 2022

1. Pursuant to 11 U.S.C. Section 1329, the debtors have filed an Amended Chapter 13 Plan dated October 18, 2022 that is attached hereto. Pursuant to the Amended Chapter 13 Plan, the debtor seeks to modify the confirmed Plan in the following particulars:

   a. Foundation Finance Company will be paid as a nonpriority-unsecured creditor as per the proof of claim 16.

2. All Objections to the Amended Chapter 13 Plan must be filed and served by no later than 21 days after the date of this Notice upon the Debtor(s), Chapter 13 Trustee and any creditor whose claim allowance or treatment is the subject of the Objection. Untimely Objections will not be considered. Any creditor who files a timely Objection to the Amended Chapter 13 Plan must appear at the scheduled Initial Confirmation Hearing on the Amended Chapter 13 Plan.

3. A virtual (via Zoom) Initial Confirmation Hearing on the Amended Chapter 13 Plan will be held on December 1, 2022 at 9:00 am, before the Chapter 13 Trustee. The table and meeting I.D., to participate by Zoom (and telephone number and meeting I.D. to participate by telephone if you lack the ability to participate by Zoom), can be found at

shttp://www.ch13pitt.com/calendar/ several days before the meeting. Parties are expected to familiarize themselves with the Trustee's website at http://www.ch13pitt.com/ and to comply with the procedures set forth at that site for conference participation.

4. The debtors submit that the reasons for the modification are as follows:
    a. Foundation Finance Company amended its proof of claim number 16 to an unsecured claim.
5. The proposed modification to the confirmed Plan will impact the treatment of the claims of the following creditors in the following particulars:
    a. Foundation Finance Company will be treated as nonpriority-unsecured creditor.
6. The debtors submit that the requested modification is being proposed in good faith and not for any means prohibited by applicable law. The debtors further submit that the proposed modification complies with 11 U.S.C. Sections 1322(a), 1322(b), 1325(a) and 1329 and, except as set forth above, there are no other modifications being sought by way of this Amended Chapter 13 Plan

WHEREFORE, the debtors respectfully request that this Court enter an Order confirming the Amended Chapter 13 Plan and for such other relief the Court deems equitable and just.

Respectfully submitted,

October 18, 2022
DATE

/s/ Lauren M. Lamb
Lauren M. Lamb, Esquire
Attorney for Debtors
STEIDL & STEINBERG
Suite 2830 – Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 391-8000
PA I. D. No. 209201
llamb@steidl-steinberg.com

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Michael | A. | Thompson |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | Amber | | Thompson |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Western District of Pennsylvania

Case number (if known): 22-10333 GLT

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed.

3.1, 9.1

# Western District of Pennsylvania
# Chapter 13 Plan Dated: Oct 18, 2022

**Part 1:    Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with local rules and judicial rulings may not be confirmable.   The terms of this plan control unless otherwise ordered by the court.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.  YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT.  THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED.  SEE BANKRUPTCY RULE 3015.  IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM IN ORDER TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. **Debtor(s) must check one box on each line to state whether the plan includes each of the following items.  If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ◯ Included    ⦿ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ◯ Included    ⦿ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ⦿ Included    ◯ Not Included |

**Part 2:    Plan Payments and Length of Plan**

**2.1 Debtor(s) will make regular payments to the trustee:**

Total amount of $ 2,929.00     per month for a total plan term of 60    months shall be paid to the trustee from future earnings as follows:

| Payments | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $2,929.00 | $0.00 |
| D#2 | $0.00 | $0.00 | $0.00 |
| | (Income attachments must be used by debtors having attachable income) | | (SSA direct deposit recipients only) |

**2.2 Additional payments:**

☐ **Unpaid Filing Fees.** The balance of $ _____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy Court from the first available funds.

Check one.

☒ **None.** If "None" is checked, the rest of Section 2.2 need not be completed or reproduced.

☐ The debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

## Part 3:  Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. If monthly payment changes exist, state the amounts and effective dates of the changes.

| Name of creditor and redacted account number | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Effective date (MM/YYYY) |
|---|---|---|---|---|
| PennyMac Loan Services<br>Account no. ending in 1998 | 3366 McConnell Road Hermitage, PA 16148 | $1,132.60 | $0.00 | |
| Nationstar Mortgage, LLC<br>Account no. ending in 5859 | 810 Federal Drive Sharon, PA 16146 | $553.46 | $93.62 | |

Insert additional claims as needed.

**3.2 Request for valuation of security, payment of fully secured claims, and/or modification of undersecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.2 need not be completed or reproduced.

☐ Fully paid at contract terms with no modification

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

☐ Fully paid at modified terms

| Name of creditor and redacted account number | Collateral | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) will request, **by filing a separate motion pursuant to Rule 3012,** that the court determine the value of the secured claims listed below.

For each secured claim listed below, the debtor(s) state that the value of the secured claims should be as set out in the column headed *Amount of secured claim*. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 (provided that an appropriate order of court is obtained through a motion pursuant to Rule 3012).

| Name of creditor and redacted account number | Estimated amount of creditor's total claim (See Para. 8.7 below) | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|---|---|---|
| | $0.00 | | $0.00 | $0.00 | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

**3.3  Secured claims excluded from 11 U.S.C. § 506.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.

☒ The claims listed below were either:

(1)  Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the debtor(s), or

(2)  Incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| First National Bank<br>Account no. ending in 4671 | 2016 GMC Acadia | $13,264.83 | 5% | $263.35 |

Insert additional claims as needed.

**3.4  Lien Avoidance.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.4 need not be completed or reproduced. *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The judicial liens or nonpossessory, nonpurchase-money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). The debtor(s) will request, **by filing a separate motion**, that the court order the avoidance of a judicial lien or security interest securing a claim listed below to the extent that it impairs such exemptions. The amount of any judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.

| Name of creditor and redacted account number | Collateral | Modified principal balance* | Interest rate | Monthly payment or pro rata |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

*If the lien will be wholly avoided, insert $0 for Modified principal balance.

**3.5  Surrender of Collateral.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 3.5 need not be completed or reproduced.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon final confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5.

| Name of creditor and redacted account number | Collateral |
|---|---|
| | |

Insert additional claims as needed.

**3.6  Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| | $0.00 | | 0% | | |

Insert additional claims as needed.

\*  The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania, and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

## Part 4:  Treatment of Fees and Priority Claims

**4.1  General.**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rates on the court's website for the prior five years. It is incumbent upon the debtor(s)' attorney or debtor (if *pro se*) and the trustee to monitor any change in the percentage fees to ensure that the plan is adequately funded.

**4.3  Attorney's fees.**

Attorney's fees are payable to Steidl & Steinberg, P.C.  . In addition to a retainer of $1,100.00 (of which $500.00 was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $4,400.00 is to be paid at the rate of $200.00 per month. Including any retainer paid, a total of $_____ in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $ _____ will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the bankruptcy court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4  Priority claims not treated elsewhere in Part 4.**

☒  **None.**  If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

| Name of creditor and redacted account number | Total amount of claim | Interest rate (0% if blank) | Statute providing priority status |
|---|---|---|---|
| | $0.00 | 0% | |

Insert additional claims as needed.

**4.5  Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

Check one.

☒  **None.**  If "None" is checked, the rest of Section 4.5 need not be completed or reproduced.

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
|  |  | $0.00 | $0.00 |

Insert additional claims as needed.

**4.6  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.

☒ **None.**  If "None" is checked, the rest of Section 4.6 need not be completed or reproduced.

☐ **The allowed priority claims listed below are based on a Domestic Support  Obligation that has been assigned to or is owed to a governmental unit and will be paid less than  the full amount of the claim under 11 U.S.C. §  1322(a)(4).  This provision requires that payments in Section 2.1 be for a term of 60 months.  See 11 U.S.C. § 1322(a)(4).**

| Name of creditor | Amount of claim to be paid |
|---|---|
|  | $0.00 |

Insert additional claims as needed.

**4.7  Priority unsecured tax claims paid in full.**

Check one.

☒ **None.**  If "None" is checked, the rest of Section 4.7 need not be completed or reproduced.

| Name of taxing authority | Total amount of claim | Type of tax | Interest rate (0% if blank) | Tax periods |
|---|---|---|---|---|
|  | $0.00 |  | 0% |  |

Insert additional claims as needed.

**4.8  Postpetition utility monthly payments.**

The provisions of this Section 4.8 are available only if the utility provider has agreed to this treatment.  The charges for post petition utility service are allowed as an administrative claim. These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits.  The claim payment will not change for the life of the plan unless amended.  Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan.  These payments may not resolve all of the postpetition claims of the utility. Any unpaid post petition utility claims will survive discharge and the utility may require additional funds from the debtor(s) after discharge.

| Name of creditor and redacted account number | Monthly payment | Postpetition account number |
|---|---|---|
|  | $0.00 |  |

Insert additional claims as needed.

**Part 5:   Treatment of Nonpriority Unsecured Claims**

**5.1  Nonpriority unsecured claims not separately classified.**

Debtor(s) **ESTIMATE(S)** that a total of $ 2,868.00 will be available for distribution to nonpriority unsecured creditors.

Debtor(s) **ACKNOWLEDGE(S)** that a **MINIMUM** of $ 0 shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is **NOT** the **MAXIMUM** amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is 3 %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 5.2 need not be completed or reproduced.

☒ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed by the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor and redacted account number | Current installment payment | Amount of arrearage to be paid on the claim | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|
| Mohela/Fedloan | $442.00 | $0.00 | $30,317.00 | |

Insert additional claims as needed.

**5.3 Other separately classified nonpriority unsecured claims.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 5.3 need not be completed or reproduced.

☐ The allowed nonpriority unsecured claims listed below are separately classified and will be treated as follows:

| Name of creditor and redacted account number | Basis for separate classification and treatment | Amount of arrearage to be paid | Interest rate | Estimated total payments by trustee |
|---|---|---|---|---|
| | | $0.00 | 0% | $0.00 |

Insert additional claims as needed.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☒ **None.** If "None" is checked, the rest of Section 6.1 need not be completed or reproduced.

☐ **Assumed items.** Current installment payments will be disbursed by the trustee. Arrearage payments will be disbursed by the trustee.

| Name of creditor and redacted account number | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee | Payment beginning date (MM/YYYY) |
|---|---|---|---|---|---|
| | | $0.00 | $0.00 | $0.00 | |

Insert additional claims as needed.

## Part 7: Vesting of Property of the Estate

Document    Page 9 of 13

Debtor(s)  Michael A. Thompson , Amber  Thompson                                                                  Case number 22-10333 GLT

**7.1** Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.

| Part 8: | General Principles Applicable to All Chapter 13 Plans |
|---|---|

**8.1** This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan to ensure that the plan remains adequately funded during its entire term.

**8.2** Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if *pro se*) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3** The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4** Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5** Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

    Level One:    Unpaid filing fees.
    Level Two:    Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments.
    Level Three:    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims.
    Level Four:    Priority Domestic Support Obligations.
    Level Five:    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
    Level Six:    All remaining secured, priority and specially classified claims, and miscellaneous secured arrears.
    Level Seven:    Allowed nonpriority unsecured claims.
    Level Eight:    Untimely filed nonpriority unsecured claims for which an objection has not been filed.

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if *pro se*) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

| Part 9: | Nonstandard Plan Provisions |
|---|---|

**9.1  Check "None" or List Nonstandard Plan Provisions.**

    ☐ **None.** If "None" is checked, the rest of part 9 need not be completed or reproduced.

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if the applicable box in Part 1 is checked. Any provision set forth herein is subject to court approval after notice and a hearing upon the filing of an appropriate motion.*

1) Student Loan Debt Non-Dischargeable
In accordance with 11 U.S.C. § 523(a)(8), this Chapter 13 plan of reorganization ("Chapter 13 Plan") cannot and does not provide for a discharge, in whole or in part, of the Debtor's federal student loan debt authorized pursuant to Title IV of the Higher Education Act of 1965, as amended ("Federal Student Loan(s)").

2) Identification of Federal Student Loan Debt
a) Only Federal Student Loans that are currently in an income-driven repayment ("IDR") plan, or which Debtor is eligible to repay under an IDR plan during the pendency of this Chapter 13 case, are listed in subsection (2)(b), below. Debtor could owe other student loan obligations. The special provisions contained in this 9.1 of the Chapter 13 Plan only apply to the Federal Student Loans listed in subsection (2)(b), below.
b) As of August 4, 2022, the Debtor's Federal Student Loan debt includes the following Title IV Student Loans: Original Loan Amount $150,434.00.
c) The Federal Student Loans identified in subsection (2)(b), above, are held by the United States Department of Education ("Education") pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070, et seq. Hereinafter, Education and other Title IV Student Loan Holders are referred to individually and collectively as "Title IV Loan Holder."

3) Federal Student Loans not in Default
As of August 4, 2022, the Debtor is not in default, as defined in 34 CFR 682.200(b) or
685.102, as applicable, on any Federal Student Loans listed in subsection (2)(b) of this Section.

4) Proof of Claim
The Debtor affirms that a timely proof of claim will be filed with the Bankruptcy Court for each Federal Student Loan listed in subsection (2)(b) of this Section. If a Title IV Loan Holder has not filed a proof of claim for a Federal Student Loan listed by the Debtor in subsection 2(b), the Debtor will file a proof of claim for that Federal Student Loan within fifteen (15) days in advance of the date scheduled for the §1324 confirmation hearing on this Chapter 13 Plan. Such proof of claim is subject to later amendment by the Title IV Loan Holder.

5) Continuation of Pre-Petition Federal Student Loan IDR Plan
a) During the course of this Chapter 13 bankruptcy case until its dismissal or closure, the Debtor may continue participating in the IDR plan in which the Debtor participated pre-petition and for which Debtor otherwise continues to be qualified as determined by the Title IV Loan Holder.
i) The Debtor's monthly IDR plan payment is, as of the date of Debtor's bankruptcy petition, $442.00.
ii) The Debtor's monthly IDR plan payment is due to the Title IV Loan Holder on the 10th day of each month.
b) Debtor's Monthly Payments for Pre-Petition IDR Plan
i. Until confirmation of this Chapter 13 Plan, the Debtor will make full and timely IDR plan payments directly to the Title IV Loan Holder identified in subsection (2)(b) of this Section.
ii. In order for the Chapter 13 Trustee to transfer timely the Debtor's first post-confirmation payment on the IDR plan, the Debtor must remit that IDR plan payment to the Chapter 13 Trustee in advance of the first post-confirmation payment due date, and in good funds (money order, bank check, TFS payment, or payroll deduction), so as not to delay the Chapter 13 Trustee's transfer of those funds to the Title IV Loan Holder.
iii. The Title IV Loan Holder will be paid through the Chapter 13 plan as a Class 66 Creditor.
iv. Following confirmation of this Chapter 13 Plan and in addition to the Debtor's scheduled Chapter 13 Plan payment to the Chapter 13 Trustee's office, the Debtor will remit to the Chapter 13 Trustee the monthly IDR plan payment. The Chapter 13 Trustee will transfer the IDR plan payment funds to the Title IV Loan Holder.
v. The Debtor must remit each post-confirmation IDR plan payment to the Chapter 13 Trustee in advance of the IDR payment due date, and in good funds (money order, bank check, TFS payment, or payroll deduction), so as not to delay the Chapter 13 Trustee's transfer of the IDR plan payment to the Title IV Loan Holder.
vi. If the Debtor does not timely or fully remit sufficient funds to the Chapter 13 Trustee for Debtor's monthly IDR plan payment, the Chapter 13 Trustee is not required or responsible to transfer funds to the Title IV Loan Holder from the Debtor's general bankruptcy estate for that monthly payment. The Chapter 13 Trustee is not responsible for the Debtor's late or missing IDR plan payments caused by Debtor's failure to remit funds to the Chapter 13 Trustee for transfer of the IDR plan payment by the Chapter 13 Trustee's office.
vii. Upon request of the Chapter 13 Trustee, the Debtor will request the Title IV Loan Holder modify Debtor's monthly IDR plan payment due-date to accommodate the Chapter 13 Trustee's disbursement schedule.
viii. The Chapter 13 Trustee may request the Title IV Loan Holder establish an automated clearinghouse (ACH) account with the Chapter 13 Trustee's office for deposit of the Debtor's monthly IDR plan payment directly into the Title IV Loan Holder's account.
6. Waivers a. Debtor expressly acknowledges and agrees that regarding an application for initial participation and/

or continuing participation in an IDR plan while this Chapter 13 case is open, Debtor waives application of the automatic stay provisions of 11 U.S.C. § 362(a) to all loan servicing, administrative actions, and communications concerning the IDR plan by the Title IV Loan Holder, including but not limited to: determination of qualification for enrollment in an IDR plan; loan servicing; transmittal to the Debtor of monthly loan statements reflecting account balances and payments due; transmittal to the Debtor of other loan and plan documents; transmittal of correspondence (paper and electronic) to the Debtor; requests for documents or information from the Debtor; telephonic and live communications with the Debtor concerning the IDR plan application, payments, or balances due; transmittal to the Debtor of IDR participation documentation; payment information; notices of late payment due and delinquency; default prevention activities; and other administrative communications and actions concerning the Debtor's IDR plan.

b. Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) with regard to and in consideration of the benefits of enrollment and participation in an IDR plan.

6) Annual Certification of Income and Family Size

Pursuant to 34 CFR 685.209, 34 CFR 685.221, or 34 CFR 682.215, as applicable, the Debtor shall annually certify (or as otherwise required by the Title IV Loan Holder) the Debtor's income and family size, and shall notify the Chapter 13 Trustee of any adjustment (increase or decrease) to the Debtor's monthly IDR plan payment resulting from annual certification.

a. Debtor expressly acknowledges and agrees that while this Chapter 13 case is open, Debtor waives application of the automatic stay provisions of 11 U.S.C. § 362(a) to all loan servicing, administrative actions, communications, and determinations concerning the certification of income and family size taken or effected during and for the certification process by the Title IV Loan Holder, including but not limited to: administrative communications and actions from the Title IV Loan Holder for the purpose of initiating certification; requests for documentation from the Debtor; determination of qualification for participation; and any action or communication listed in subsection (6) above, which is incorporated herein by reference.

b. Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) associated with the IDR plan certification process, in consideration of the voluntary participation of and benefits to the Debtor of continued participation in an IDR plan.

c. If Debtor's annual certification of income and family size for an IDR plan results in changes to the Debtor's required monthly IDR plan payment amount, the Debtor will notify the Chapter 13 Trustee within seven (7) days of Debtor's receipt of notice from the Title IV Loan Holder of the revised monthly IDR plan payment amount. Either the Debtor or the Chapter 13 Trustee may file an 11 U.S.C. §1329(a) motion to modify this Chapter 13 plan to reflect the Debtor's revised monthly IDR plan payment.

d. If the Debtor fails to satisfy the requirements for annual certification for continued participation in the IDR plan, the Title IV Loan Holder will recalculate the monthly repayment amount according to the requirements of the IDR program.

(i) Debtor expressly acknowledges and agrees that while this Chapter 13 case is open the Title IV Loan Holder's recalculation of the Debtor's repayment amount does not violate the automatic stay provisions of 11 U.S.C. § 362(a) as set forth in subsections (6) and (8) of this Section.

(ii) Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any alleged violation of the automatic stay under 11 U.S.C. § 362(a) with regard to the recalculation of Debtor's Federal Student Loan repayment obligation while this Chapter 13 bankruptcy case is open.

7) Discontinuation of Participation in IDR

a. If during the course of this Chapter 13 case the Debtor no longer desires to participate in the IDR plan and seeks administrative forbearance status on the Federal Student Loans identified in subsection (2)(b) of this Section, the Debtor must contact the Title IV Loan Holder in writing by letter to inform the Title IV Loan Holder of this decision.

b. If during the course of this Chapter 13 case the Debtor ceases making payments on the Federal Student Loan,forbearance, and will stay collection action until after this Chapter 13 case is closed.

c. If during the course of this Chapter 13 case the Debtor ceases making payments on the Federal Student Loan without notice to the Title IV Loan Holder, Debtor will incur a delinquency and may default on the Federal Student Loan as defined in CFR 34 CFR 682.200(b) and 685.102.

i. Debtor expressly acknowledges and agrees that while this Chapter 13 case is open the Title IV Loan Holder's administrative communication and actions on the defaulted debt, which are the routine administrative processes that occur upon delinquency and default on Federal Student Loans, do not violate the automatic stay provisions of 11 U.S.C. § 362(a) as set forth in subsections (6) and (8) of this Section.

ii. The Title IV Loan Holder's administrative communication and actions do not include any form of active debt collection.

d. Debtor expressly waives any and all causes of action and claims against the Title IV Loan Holder for any

alleged violation of 11 U.S.C. § 362(a) with regard to the default status of Debtor's Federal Student Loan based on Debtor's non-payment while this Chapter 13 case is open, including communications with, correspondence to, or transmittal of statements to the Debtor, and telephonic and email contact with the Debtor, concerning and resulting from Debtor's Federal Student Loan default.

8) Opportunity for Title IV Loan Holder to Cure

Debtor first shall give notice to the Title IV Loan Holder in writing by letter of any alleged action by the Title IV Loan Holder concerning the Federal Student Loans and IDR plan that is contrary to the provisions of this Section and or 11 U.S.C. § 362(a). Debtor shall not institute any action in the Bankruptcy Court against the Title IV Loan Holder under 11 U.S.C. § 362(a) and (d) until after the Title IV Loan Holder has been given a reasonable opportunity to review, and, if appropriate, correct such actions. Notices provided to the Title IV Loan Holder under this subsection must include a description or identification of the actions that Debtor alleges to be in violation of this Section of the Chapter 13 Plan and/or 11 U.S.C. § 362(a).

9) Notice

Any Notice required to be given to the Title IV Loan Holder under this Section must include the Debtors' name(s), Debtor's bankruptcy case number and Chapter 13 designation, and identification of the Federal Student Loans, and must be made in writing by letter to:

Michael Thompson
c/o The United States Attorney's Office
Western District of Pennsylvania
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA 15219


Foundation Finance shall be paid as a nonpriority unsecured creditor as per its proof of claim number 16. Upon Debtors obtaining a discharge in this Chapter 13 case, Foundation Finance shall satisfy the UCC Financing Statement filed with the Mercer County, PA Recorder of Deeds at instrument number 2021-00009250 within 30 days.

## Part 10:   Signatures

**10.1  Signatures of Debtor(s) and Debtor(s)' Attorney.**

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims.  False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional.  The attorney for the debtor(s), if any, must sign below.

*By filing this document, debtor(s)' attorney or debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9.  It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as a "nonstandard" term and is approved by the court in a separate order.*

| X _____ | X _____ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on | Executed on |
| _____ MM/DD/YYYY | _____ MM/DD/YYYY |

| X /s/ Lauren M. Lamb | Date  Oct 18, 2022 |
|---|---|

| Debtor(s): Michael A. Thompson, Amber  Thompson | Case number: 22-10333-GLT |
|---|---|
| Signature of debtor(s)' attorney | MM/DD/YYYY |