# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| Michael A. Thompson and | ) | Case No. 22-10333-JCM |
| Amber Thompson, | ) | Chapter 13 |
|     Debtors | ) | Related to Docket No. 74 |
| | ) | |
| Michael A. Thompson and | ) | |
| Amber Thompson, | ) | |
|     Movants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nationstar Mortgage LLC and | ) | |
| Ronda J. Winnecour, Chapter 13 Trustee, | ) | |
|     Respondents | ) | |

## ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

AND NOW, this ____ day of _____ 2023, on consideration of the Debtors' Motion for Sale of Property Free and Divested of Liens filed at Document No. 74 to Shante S. Lowe, 3812 Amhurst Drive, Hermitage, PA 16148 for $60,000.00, after the hearing held in the Bankruptcy Courtroom, U.S. Courthouse, 17 South Floor, Erie, PA 16501 this date, the Court finds:

(1) That service of the *Notice of Hearing* and *Order* setting hearing on said Motion for private sale of real property free and divested of liens of the above-named Respondents, were affected on the following secured creditors whose liens are recited in said Motion for Private sale, viz:

**DATE OF SERVICE**     **NAME OF LIENOR AND SECURITY**

**November 1, 2023**     Ronda J. Winnecour, Trustee
                         Suite 3250, USX Tower

                    **600 Grant Street**
                    **Pittsburgh, PA 15219**

**November 1, 2023**        **Nationstar Mortgage, LLC**
                                    **P.O. Box 619096**
                                    **Dallas, TX 75261-9741**
                                    **(mortgage loan holder at PoC 17)**

      (2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party as shown by the certificate of serviced duly filed and that the named parties were duly served with the Motion.

      (3) That said sale hearing was duly advertised on the Court's website pursuant to W. PA LBR 6004-1(c)(2) on November 16, 2023 in the Sharon Herald, on November 14, 2023 in the Mercer County Law Journal and on November 1, 2023 on EASI, as shown by the Proof of Publications duly filed.

      (4) That at the sale hearing the highest/best offer received was that of the above Buyer and no objections to the sale were made which would result in cancellation of said sale.

      (5) That the price of $60,000.00 offered by Shante S. Lowe was a full and fair price for the property in question.

      (6) That the Buyer has acted in good faith with respect to the within sale in accordance with In re Abbotts Dairies of Pennsylvania, Inc., 788 F2d.143 (*3d Cir. 1986).

      ***NOW THEREFORE***, it is hereby **ORDERED, ADJUDGED AND DECREED**, that the sale by Special Warranty deed of the real property described as 810 Federal Drive Sharon, PA 16146 in Mercer County is hereby **CONFIRMED** to Shante S. Lowe, 3812 Amhurst Drive, Hermitage, PA 16148, for $60,000.00 free and divested of the above recited liens and claims, and, that the Movants are authorized to make, execute and deliver to the Buyer above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

      It is **FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby, are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens(s)/claim(s) and amounts; Nationstar Mortgage, LLC will be paid in full for the mortgage subject to proper payoff quotes at the time of closing or any sale short of full payoffs will be subject to Nationstar Mortgage, LLC's final approval. Closing is required within 30 days of the payoff quotes date or new payoffs are required within 30 days of closing;

(2) Delinquent real estate taxes, if any:

(3) Current real estate taxes and municipal claims, pro-rated to the date of closing;

(4) The Court approved realtor commission in the amount of $4,000.00 plus a $395.00 fee;

(5) Normal closing costs including title search, legal fees, revenue stamps, and any other normal and necessary closing costs;

(6) The costs of local newspaper advertising in the amount of $284.89 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(7) The costs of legal journal advertising in the amount of $109.20 payable to Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219;

(8) The Court-approved attorney fees in the amount of $1,983.11 payable to "Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219";

(9) The court filing fee in the amount of $188.00 payable to "Steidl & Steinberg, P.C. 707 Grant Street, Gulf Tower-Suite 2830, Pittsburgh, PA 15219";

(10) Chapter 13 Trustee "percentage fees" in the amount of $5.98 payable to "Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230";

(11) Up to $8,099.00 payable to Debtors pursuant to their allowed exemption under 11 U.S.C. § 522(d)(5);

(12) Remaining net proceeds payable to "Ronda J. Winnecour, Ch. 13 Trustee, P. O. Box 2587, Pittsburgh, PA 15230".

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order,*** the Movants shall serve a copy of the within *Order* on each Respondents (i.e., each party against

        whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney of the Debtors, the Closing Agent, the Purchasers, and the attorney for the Purchasers, if any, and file a certificate of service.

(2) ***Closing shall occur within thirty (30) days of this Order.***

(3) ***Within seven (7) days following closing,*** the Movants shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4) This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

(5) Debtors are to file an amended Chapter 13 Plan within thirty (30) days of the closing.

_____

John C. Melaragno, Judge
United States Bankruptcy Court